CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 22 2007
JOHN F. CORCORAN, CLERK
BY: /s/ J. Huff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY MONROE<br>    Plaintiff, | Civil Action No. 7:06cv00450 |
| v. | **MEMORANDUM OPINION** |
| JAMES C. STEERE,<br>    Defendant. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

The plaintiff, Gary Monroe, a former Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleges that at the time he was incarcerated at Buckingham Correctional Center, the defendant, Dr. James C. Steere, DDS, failed to provide him with adequate medical treatment in violation of the Eighth Amendment. Plaintiff seeks in excess of one million dollars in damages and the indefinite suspension of the defendant's dental license.

Dr. Steere filed a motion to dismiss. The court notified plaintiff of the defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to defendant's motion may result in dismissal and/or summary judgment being granted for the defendant. Plaintiff has now filed his response to defendant's motion; thus, the matter is ripe for disposition.

After reviewing plaintiff's complaint, I find that plaintiff has failed to state a claim for which relief can be granted and therefore defendant's motion to dismiss is granted pursuant to 28 U.S.C. §1915A(b)(1).

## I.

Monroe alleges that on September 16, 2004, he went to see Dr. Steere about having a tooth pulled that had been causing him pain. Monroe advised Dr. Steere that he had a metal plate in his mouth and that "the X-ray clearly showed that the tooth was screwed into the metal plate." Dr. Steere allegedly assured him that this would not be a problem and then made two unsuccessful attempts to remove the tooth. On the third attempt, the Dr. Steere broke Monroe's tooth. Monroe claims that Dr. Steere then "cut the plate and screw in order to get the rest of the tooth out"with "neither the proper tools [n]or credentials to perform such a surgery," resulting in an unsecured metal plate being left in the plaintiff's mouth. Monroe was later taken to MCV where, he states, "[his] jaw had to be cut, the metal plate removed, and all [of his] lower teeth had to be extracted." Monroe claims defendant's actions resulted in all of his lower teeth having to be extracted and nerve damage in both his jaw and gums.

## II.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To state a cause of action under 42 U.S.C. §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

In Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998), the Fourth Circuit held that:

> To succeed on an Eighth Amendment 'cruel and unusual punishment claim' a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind."

The court further noted that "[w]ith regard to inadequate medical attention, the objective component is satisfied by a serious medical condition." Id. A serious medical condition is one that "pose[s] an unreasonable risk of serious damage to [the prisoner's] future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). In order to satisfy the subjective component of the Johnson test, plaintiff must show that prison officials acted with deliberate indifference. Johnson, 145 F.3d at 167.

If plaintiff has in fact suffered nerve damage to this mouth, this court recognizes that as serious damage, which would thereby satisfy the *objective* element of the Johnson test. Thus, the real issue in this case is whether or not defendant was deliberately indifferent such that the *subjective* element of the Johnson test is satisfied. For reasons set forth below, I find that there was no deliberate indifference on the part of defendant and plaintiff has therefore failed to state a prima facie Eighth Amendment claim.

In Farmer v. Brennan, 511 U.S. 825 (1994), the Court defined the term "deliberate indifference" as describing "a state of mind more blameworthy than negligence[,]" and found that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Particularly relevant to the instant case, the Farmer court noted that "negligen[ce] in diagnosing or treating a medical condition" does not violate the Cruel and Unusual Punishments clause. Farmer, 511 U.S. at 835 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Ultimately, the Court held that a

3

plaintiff cannot establish Eighth Amendment liability based on deliberate indifference "unless the [prison] official knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

In the instant case, Monroe had a medical need, a toothache that had been causing him pain for about a year, and was able to meet with a prison dentist about this medical need. The fact that Dr. Steere attempted to extract this tooth illustrates that Dr. Steere took action to alleviate Monroe's pain and did not disregard the risks the toothache presented to his health. Therefore, because Dr. Steere did not disregard a risk to Monroe's health it cannot be said that he exhibited deliberate indifference.

Rather, this is merely a case of a doctor/patient disagreement. Clearly, plaintiff wishes his tooth extraction was performed in a different manner, under different circumstances, and with different results. However, that wish in and of itself does not entitle to the plaintiff to judgment in his favor because "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Furthermore, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a §1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, "[q]uestions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Based on the facts alleged by plaintiff there does not appear to be any exceptional circumstances that would warrant a judicial review of defendant's medical judgment. For this court to consider a §1983 medical treatment claim, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). Defendant argues, and I agree, that

4

plaintiff's allegations fall short of what is required by <u>Miltier</u> to state a §1983 claim based on inadequate medical care.

At most, Monroe's allegations in this case amount to negligent conduct. Monroe argues that Dr. Steere should not have attempted to pull a tooth that was screwed into a metal plate, that once the defendant broke the tooth he should not have cut the plate and screw in order to get the tooth out because he had "neither the proper tools or credentials to perform such a surgery[,]" and that Dr. Steere should not have left the metal plate in his mouth unsecured. Assuming *arguendo* that this was negligence, that would still not entitle Monroe to relief because negligence in diagnosis or treatment does not violate the Cruel and Unusual Punishments clause. <u>See</u> <u>Farmer</u>, 511 U.S. at 835.

V.

For the reasons state herein, I find that plaintiff has failed to state a claim for which relief may be granted. Accordingly, the court hereby grants defendant's motion to dismiss.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for defendant.

ENTER: This 22rd of February, 2007.

Senior U.S. District Judge

5